DAWSON, Respondent, v. ASH GROVE WHITE
LIME ASSOCIATION, Appellant.

St. Louis Court of Appeals, November 17, 1908.

APPELLATE PRACTICE: Confused Record.   Where the bill of
exceptions and the appellant's abstract of the record when con-
sidered together were wholly unintelligible, the appeal will
be dismissed.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,*
Judge.

APPEAL DISMISSED.

*W. H. Horine, J. C. Hayden,* and *A. H. Wear* for
appellant.

*Wright Bros. & Blair* and *L. H. Musgrave* for re-
spondent.

NORTONI, J.—This is an action for damages on
account of personal injuries.   Plaintiff recovered and
defendant appeals.   Upon a perusal of all of the evi-
dence contained in the bill of exceptions it appears that
the plaintiff has a meritorious cause of action which
was properly referred to the jury.   While passing along
a road communicating with her brother-in-law's farm,
her arm was broken by falling rock from defendant's
quarry.   At the time of her injury, she was two hun-
dred and eight yards from the quarry.   The evidence
tends to prove negligence on the part of the defendant
in discharging heavy blasts of dynamite, hurling par-
ticles of shattered stone a great distance without warn-
ing to plaintiff and her consequent injury.   Appellant's
counsel complains that the court erred in refusing
numerous instructions which, it is said, the appellant
requested the trial court to give to the jury.   The in-

structions mentioned as having been requested by defendant's counsel on the trial are set forth in its abstract. Upon investigation of the bill of exceptions, however, these instructions seem not to have been requested by it at all. It appears they were requested by the plaintiff, refused by the court, and no exceptions were preserved to the action of the court in so doing. Whether the exceptions were saved or not, of course appellant's counsel could not predicate error here upon exceptions preserved to the action of the court in refusing instructions asked by the plaintiff.

The court of its own motion gave two instructions: one embracing the theory of the plaintiff's case, and one embracing the theory of the defendant's case. Counsel for appellant complain of the action of the court in this behalf and incorporate as well in their printed abstract and brief, what purports to be the two instructions mentioned. Upon a comparison of these instructions as incorporated in the abstract and brief with those given by the court and contained in the bill of exceptions, it appears no such instructions were given. In the first place, the instruction set out in the abstract and brief as given by the court on its own motion on the theory of the plaintiff, contains the word "not" which does not appear in the instruction contained in the bill of exceptions. The insertion of the word "not" in the instruction entirely destroys its sense and changes its meaning so that it is in no sense the instruction given by the court.

The second instruction given by the court on its own motion and complained of by defendant, as appears from appellant's brief and abstract, is entirely dissimilar to the instruction given by the court, as appears in the bill of exceptions. In fact, there are several words different therein from those contained in the original, and ten words in succession, constituting an entire line, are omitted therefrom; so that it appears

no such instruction as the one set out in the brief, appears in the bill of exceptions.

The bill of exceptions and appellant's abstract appear to be a perfect jumble, and when considered together, wholly unintelligible. If the one is true, the other is false; and vice versa. If counsel desire their cases reviewed, they should exercise a degree of diligence in preparing and presenting them to the court to the end that a complete understanding may be had from the abstracts and briefs, otherwise the appeal should be dismissed.

The appeal should be dismissed. It is so ordered. *Bland, P. J.*, and *Goode, J.*, concur.